WELLS et al. v. BUTLER'S BUILDERS' SUPPLY COMPANY.

1. Where several defendants were sued and one of them filed a demurrer, which was sustained, but afterwards the judge, over objection, allowed an amendment to be made to the declaration, for the purpose of perfecting it in the respects attacked by the demurrer, and from his judgment the case was brought to this court by bill of exceptions, it was proper to make all of the defendants parties plaintiff in error. Western Union Tel. Co. v. Griffith, 111 Ga. 551.

2. Where an action was brought by a materialman against a contractor, a surety on a bond given by him, and a lot owner, seeking to obtain a personal judgment against the two former, and to foreclose a materialman's lien on the lot of the last-named defendant, and a general demurrer was filed by the lot owner and sustained, but no time allowed for amending, after the order sustaining it had been signed, and without any motion to revoke it or to reopen it for the purpose of allowing further pleading, an amendment could not be allowed so as to perfect the petition for the purpose of foreclosing the lien.

3. In the absence of any motion to reopen the case for amendment as to the demurring defendant, or to revoke the order already signed sustaining the demurrer, although an amendment was filed at the term when the order was signed and a time was set (not by order, but orally and with a memorandum thereof made) for hearing whether it should be allowed, but the question was not heard until a later term of the court, an order then passed allowing it was erroneous.

Submitted March 12,—Decided April 10, 1907.

Foreclosure of lien. Before Judge Cann. Chatham superior court. April 27, 1906.

The John G. Butler's Builders' Supply Company, a corporation, brought suit against Thomas Wells, a contractor, C. A. Cox, who was alleged to be the surety on a bond given by Wells, and Mrs. Sarah E. S. Miller. The plaintiff sought to recover a personal judgment against Wells for material furnished, and against Cox as security, on a bond which Wells had given to pay for material, and also

to foreclose a lien upon the real estate of Mrs. Miller against which the plaintiff had filed a claim of lien, as a materialman, for materials furnished in the erection of a house. The defendant, Mrs. Miller, demurred to the petition on the grounds, that it failed to set out any cause of action against her; that it did not allege any contract for the furnishing of materials for the improvement of real estate, or compliance with any such contract; that it did not allege or show that a claim of lien was recorded within three months after the alleged material was furnished; and that it failed to show the commencement of any action for the recovery of the amount claimed within twelve months from the time the same was due. On November 11, 1905, during the October term of Chatham superior court, an order was passed sustaining the demurrer, though it contained no express words of dismissal. On November 16 an amendment was filed by the plaintiff, seeking to perfect the petition so that it would set out a cause of action as against Mrs. Miller and authorize a foreclosure of the lien claimed on her property. No motion was made to reopen the case or to set aside or revoke the order sustaining the demurrer. The bill of exceptions recites, that, "before filing the amendment, counsel for defendant in error asked the judge if he had a right to amend, and the judge told such counsel that while he could not answer then, he would allow the amendment under the order, if such amendment was properly allowable; that the form of order would not estop any amendment to which plaintiff would be entitled otherwise." Service of the amendment was acknowledged by counsel for Mrs. Miller on the day on which it was filed. No order was passed. The allowance of the amendment was set to be heard November 25. When that date arrived, the court was engaged in a jury trial which continued until the evening, when court was adjourned for the term. After the opening of the next term the judge was absent for providential cause for about two months, the judge of another circuit presiding from time to time in his stead. Upon the return of the judge, counsel for defendant in error requested him to assign the hearing as to the allowance of the proposed amendment, which was done, and adverse counsel notified. Upon the hearing the judge passed an order allowing the amendment. No written order was at any time passed modifying the terms of the order sustaining the demurrer, or fixing the time for the hearing upon the question

as to whether the amendment should be allowed. The times for both hearings were entered upon the court's calendar. To the order allowing the amendment against her, Mrs. Miller excepted. Wells, the contractor, was also named as a plaintiff in error.

*Wilson & Rogers* and *Cann, Barrow & McIntire,* for plaintiffs in error. *Charles V. Hohenstein,* contra.

LUMPKIN, J. (After stating the facts.)

1. A motion was made in this court to dismiss the bill of exceptions as to Wells. It is sufficiently disposed of in the first headnote.

2, 3. One party defendant, the owner of the lot on which it was sought to foreclose a lien, demurred to the petition on grounds affecting it as a whole, and the demurrer was sustained. The effect of the entry of the judgment sustaining the demurrer was to end the case so far as the lot owner was concerned, although no formal words of dismissal were in the order. The proper practice is to include such words where a dismissal is desired. But their omission will not leave the judgment entered on the demurrer as having no force. Had time to amend been allowed in the order, the judgment would not have had the effect of terminating the case as to the demurring defendant until the expiration of such time, without curative amendment. *Blackwell* v. *Ramsey-Brisben Stone Co.,* 126 *Ga.* 812. In that case a paragraph was demurred to, and the demurrer was sustained. This was held to eliminate the paragraph after the lapse of the time allowed to amend, no amendment having been filed. Here the whole declaration was demurred to by one defendant, and the demurrer was sustained. Upon the signing of the order the case was ended as to the demurring defendant. Nothing more could be done as to her as long as that order remained unchanged and unopened. She might have had a cost judgment, no doubt. An amendment may be proposed upon the announcement of the judge's determination to sustain a demurrer, or reasonable time may be asked for that purpose. But after the order sustaining the demurrer has been signed, with no allowance of time to amend, it is too late to amend. *Holliday* v. *Riordon,* 12 *Ga.* 417; *Dudley* v. *Mallery,* 4 *Ga.* 52. This is recognized in *Ripley* v. *Eady,* 106 *Ga.* 422, although it appears that there was a formal dismissal included in the order in that case. The Civil Code, § 5097, declares that parties may

amend their pleadings "at any stage of the cause." But it is not a "stage of the cause" after the cause is ended. There was a cause as to the remaining defendants, but there was none as to the demurrant, after the judgment on the demurrer was signed and no time allowed therein for amending. This being so, there could be no amendment as to the defendant in question so long as the order stood.

If a motion had been made during the term, to open the judgment or reinstate the case as to this defendant and to allow an amendment, the matter would have been in the discretion of the court. *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984; *McCandless* v. *Conley,* 115 *Ga.* 48; *Perkins* v. *Castleberry,* 119 *Ga.* 702; *Bowen* v. *Wyeth, Id.* 687. But no such motion was made, nor was any such order taken then or at any time. The amendment offered had for its sole purpose the adding of allegations to meet the demurrer and to make out a case against the lot owner for foreclosing a lien on her property. The presiding judge did express the opinion that if the amendment were allowable, the order would not prevent it from being made. But we can not concur with our excellent and conscientious brother in that view. The thing sought to be done was not to open the door which had been closed, so as to allow further pleading as to this defendant, but to inject an amendment in spite of the closure effected by the signing of the judgment on the demurrer. Had a motion to reopen been made during the term, it might have been carried forward and passed on later. The case of *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691, is cited. But there the amendment was offered before the judgment was signed. The mere filing of an amendment during the first term, without any motion to reopen the case or change the former order, did not alter the status. Of course the case as to the other defendants remains, and as to them is amendable under the usual practice. It was error to allow the amendment at a later term of the court, though filed during the same term when the demurrer had been sustained. A discussion of the various English statutes of amendments and jeofails, and of the differences between the ancient English pleading and our own, would be of little service and would require much writing.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*