### 3627. SIKES v. MALLONEE.

RUSSELL, J. 1. Lee leased in writing from Sikes certain timber lands upon certain terms and conditions. Mallonee guaranteed payment of the purchase-money as set out in Lee's contract. Subsequently the terms and conditions of the contract were materially modified. As Mallonee's contract of guaranty had to be in writing (Civil Code, § 3222, par. 2), so likewise, under the general rule, any proposed modification thereof, to be effective, must also have been in writing. *Southern Ry. Co.* v. *Smith*, 106 *Ga.* 864 (33 S. E. 28); *Miller* v. *Smith*, 6 *Ga. App.* 448 (65 S. E. 292). And a contract of guaranty is no less subject to the provisions of section 3223 of the Civil Code than are other contracts therein referred to.

2. Consent of a guarantor to a material modification of the contract, the performance of which he guarantees, can not be inferred from the mere

fact that he had knowledge of the modification, or that he did not dissent from such modification. *Riggins* v. *Brown*, 12 *Ga.* 276.

3. Inasmuch as the rights and liabilities of a guarantor are stricti juris, and in this case the modification of the original contract was demanded by the obligee, and the change of the contract was for his profit and benefit, and there is nothing in the evidence to indicate that failure to perform either the original contract or the contract as changed would constitute a fraud on the part of the guarantor, this case does not fall within the exception mentioned in the first headnote, and there was no error in directing the verdict.

*Judgment affirmed. Pottle, J., not presiding.*<br>DECIDED OCTOBER 4, 1912.

Action on guaranty; from city court of Savannah—Judge Davis Freeman. July 7, 1911:

*Twiggs & Gazan,* for plaintiff.

*Lawton & Cunningham,* for defendant.

