## CLAIM FOR BREACH OF CONTRACT DEFEATED BY ACQUIESCENCE.

Common Pleas Court of Franklin County.

### CLAUDE A. ARMSTRONG v. THE FIRE PROOF WAREHOUSE & STORAGE CO.

Decided, January Term, 1915.

*Breach of Contract—Estoppel Against Claim for Damages—Growing Out of Reduction of Salary Contrary to Terms of Agreement.*

Inasmuch as a plaintiff can not acquiesce in a breach of his contract and still rely upon it and claim damages for the breach, an action does not lie for breach of a contract of employment for a two year period at a stipulated salary, where the plaintiff left the employment during the second year because of a reduction in his salary but accepted payment at the reduced rate from the time the reduction was made until he gave up the employment.

*R. M. Lucas,* for plaintiff.
*H. F. West* and *W. B. Cockrell,* contra.

KINKEAD, J.

The petition of plaintiff is as follows:

"Plaintiff avers that on or about the 8th day of March, 1913, he entered into a written contract of employment with the defendant herein, wherein said defendant agreed to employ him for a period of two years from and after March 15, 1913, as assistant manager, and further promised and agreed to pay said plaintiff for the first year of his employment under said contract the sum of fifteen hundred dollars ($1,500), payable at the rate of one hundred and twenty-five dollars ($125) per month at the end of each and every month; and for the second year's employment under said contact the sum of eighteen hundred dollars ($1,800) payable at the rate of one hundred and fifty dollars ($150) per month at the end of each and every month.

"Plaintiff further avers that he entered into the employment of said defendant as assistant manager on March 15,

1913, as provided in said contract, and continued in the employment of said defendant under said contract until the 12th day of May, 1914, on which date said defendant informed plaintiff that it would not pay plaintiff the stipulated amount of compensation for the second year's employment provided in said contract above mentioned, to-wit: the sum of one hundred and fifty dollars ($150) per month, and that it would only pay plaintiff the sum of one hundred dollars ($100) per month for his services to be rendered after said date, and for services which plaintiff had rendered since the 15th day of March, 1914; that said action on the part of said defendant was wrongful and without cause and in violation of said contract above mentioned. Plaintiff further avers that he was ready and willing to remain in the employment of said defendant under and pursuant to the terms of said contract but that by reason of the violation thereof by said defendant as above mentioned, he was compelled to and did on said 12th day of May, 1914, leave the employment of said defendant.

"Plaintiff further avers that immediately after said date he used due diligence to secure other employment, and that on June 29, 1914, he secured employment at the rate of fifty dollars ($50) per month in which employment he has continued to the present time.

"Plaintiff further says that he has been paid in full by the defendant for services rendered by him to the 15th day of March, 1914, and that he has been paid the further sum on account for services rendered by him since said date for said defendant, the sum of one hundred and sixty dollars.

"Plaintiff further says that by reason of said wrongful conduct upon the part of said defendant, he has been damaged in the sum of twelve hundred dollars ($1,200).

"Wherefore, plaintiff prays judgment against said defendant in the sum of twelve hundred dollars ($1,200) and costs of suit."

A demurrer is filed to the amended petition. The contract of employment was for a period of two years from and after March 15, 1913, at $125 per month. Plaintiff avers that he entered upon the employment, "and continued in the employment of said defendant under said contract until the 12th day of May, 1914, on which date said defendant informed plaintiff that it would not pay plaintiff the stipulated amount of compensation for the

second year's employment," etc., and that it would pay only $100 per month.

He alleges that he has been paid in full for services rendered by him to the 15th of March, 1914, and that he has been paid the further sum on account for services rendered by him since said date, the sum of $160. But he fails to state when this payment was made.

He avers that the action of defendant in informing him that he would not pay the amount stipulated but only $100 "was wrongful and without cause and in violation of said contract." This is a conclusion, and not a sound one. He says that he has been paid in full by the defendant for services rendered to the 15th day of March, 1914. He says "he was compelled to and did on said 12th day of May, 1914, leave the employment." This is also partly a conclusion.

It is apparent that plaintiff's theory is that defendant having informed him that it would not pay him the $125 per month as agreed upon, this alone constitutes a breach of the contract.

The payment of $160 was $2.50 less than a month and a half's pay at the rate of compensation for the first year. He states that he received the $160 since March 15, 1914, but fails to state whether he received it on May 12, when he quit, or since that date. In either event it would make no difference. If he accepted this money after quitting the service he must be held to have received it in satisfaction of his claim against defendant. In the absence of a clear statement concerning this payment and the circumstances under which it was received, it is to be assumed that he is estopped to claim damages. It seems evident that he accepted it according to the rate of compensation for the first year.

If he accepted full compensation for the actual time he served defendant before quitting or at the time he left, or accepted such sum as satisfaction; if he received the last payment after he left the employment, he is estopped now to claim damages for the breach. The doctrine of *James* v. *Allen County*, 44 O. S., 226, would apply equally as well to such a situation as to the

conditions in that case.   Plaintiff can not acquiesce in a breach of his contract and still rely upon it and claim damages for a breach.

A mere declaration by a master that he will no longer pay the stipulated amount of compensation, followed by acceptance of full compensation of the servant to the date of leaving the service, either at that time or subsequent thereto does not entitle the servant to maintain an action for a breach of the contract.

*1 Labatt M. & S.,* Section 187, and 128 Ga., 40, cited by counsel do not contemplate such a situation.   It may be that when an employer declares he will no longer pay the stipulated compensation the employee declines further to act under his contract, and declines to accept compensation under it, there might be legal cause for complaint.   But this is doubtful in a transaction of this character.   The rights and obligations are not to be determined by mere declarations, which at best are to be regarded as evidence of intent if having reference to the future.   Certainly no breach of a contract of employment can occur until the master has actually failed by his act to perform his part thereof.   If then the servant, influenced by the oral declaration of the master, quits the employment before the time when by the contract anything is due him, and accepts compensation therefor, such compensation not being paid pursuant to the contract but in breach thereof, the servant has no right of action for a breach of contract.

The demurrer to the petition is sustained, and the action is dismissed.