12462.  DORTCH v. BISHOP et al.

JENKINS, P. J.  In January, 1919, defendants bought from plaintiff a mule, paying a part of the purchase price and giving a retention-of-title note for the remainder.  Some weeks later one of the vendees, according to his evidence, complained to the vendor of the animal's inability to do farm work, and a new contract was orally made, by which the vendee was to keep the mule until fall and then return the animal to the vendor, whereupon the vendor would relieve him of further obligation.  When reminded by the vendee of such alleged agreement, the vendor denied the same, and refused to take the animal back and cancel the debt, but filed an attachment for the purchase-money, under which the mule was sold.  On the trial of the issues raised by the declaration in attachment and the defendant's plea setting up the alleged rescission, the evidence was in conflict as to the alleged agreement of rescission.  The jury found for the vendor the amount of proceeds realized from the sale of the mule, but for the vendee under his plea as to the balance claimed on the note.  The plaintiff excepted to the refusal to grant a new trial.  *Held:*

1. The alleged novation or contract of rescission, although executory, was not void as a nudum pactum, since it was supported not only by the vendee's promise to restore to the vendor the property in part paid for, but also to care for the animal until the following fall.

2. Even if the alleged contract of rescission or novation could be taken as such an agreement as is required by the statute of frauds to be in writing, and, if so, even if it was not taken out of such provisions by the equivalent of performance on the part of the vendee, since the record fails to disclose that such point was made in the court below it can not be raised in this court in the brief of counsel.

<i>Judgment affirmed. Stephens and Hill, JJ., concur.</i><br>DECIDED NOVEMBER 29, 1921.

Attachment; from Pulaski superior court — Judge Eschol Graham.  April 9, 1921.

*H. F. Lawson,* for plaintiff.  *H. E. Coales,* for defendant.