*W. I. Curry,* for plaintiff in error.

*W. H. Fleming,* contra.

---

## 15599.	ARMSTRONG *v.* REYNOLDS.

1. "Where a tenant sublets land without the landlord's permission, the landlord is entitled to make his rent out of the crop grown on the land by the subtenant, on a distress warrant issued against the principal tenant." *Horton* v. *Union Store,* 19 *Ga. App.* 184 (1) (91 S. E. 214), and cases cited.

2. "While by statute landlords have a special lien for rent on the crops made upon land rented from them, which can not be defeated by a subletting of the premises, yet, as a landlord can not maintain an action for rent against one who is not his tenant, and as the relation of landlord and tenant does not arise between the owner of realty and one to whom his tenant has sublet the same until the landlord elects to make the subtenant his tenant, such subtenant is not, until the owner of the premises exercises his right to make such election, liable to him for the rent of the property." *Hudson* v. *Stewart,* 110 *Ga.* 37 (35 S. E. 178).

3. "In order for the relation of landlord and tenant to exist between the owner of the property and a subtenant, some affirmative action must be had by the landlord showing that he elected to treat the subtenant as his tenant. It is not sufficient that the landlord has knowledge and makes no objection." *Hudson* v. *Stewart,* supra.

4. "Title to the crop raised on rented land is not in the landlord so as to empower him to sue for and to recover it in trover, or, waiving the tort, to sue for its value in assumpsit. He has a special lien upon it, attaching from its maturity, but to be enforced by distress warrant." *Worrill* v. *Barnes,* 57 *Ga.* 404 (1). See *Carr* v. *Morris,* 17 *Ga. App.* 45 (3) (86 S. E. 94).

5. "It seems to be settled that when the landlord elects to make the sub-

tenant his tenant he releases his claim on the original tenant." *Hudson*
**v.** *Stewart,* supra.

6. "A promise to answer for the debt, default, or miscarriage of another"
is not binding on the promisor, "unless it is in writing, signed by the
party to be charged therewith, or some person by him fully authorized."
Civil Code (1910), §§ 3222, 3222 (2).

DECIDED NOVEMBER 12, 1924.

Complaint; from city court of Sparta—Judge Lewis.   April 3,
1924.

*T. M. Hunt,* for plaintiff in error.   *M. L. Felts,* contra.

BLOODWORTH, J.   The evidence in this case not showing that
the landlord consented that the original tenant sublet any portion
of the rented premises, or that the landlord took any affirmative
action to make the subtenant his tenant, or that he released his
claim on the original tenant, it is clear, under the principles an-
nounced in the first five headnotes, that the relation of landlord and
tenant did not exist between the landlord and the subtenant, and
that the latter, as such, owed the landlord nothing, although the
landlord's lien attached to the crops grown on the premises rented
by the subtenant, and this lien could be enforced by a distress
warrant against the original tenant.   But admitting that the sub-
tenant, without the consent of the landlord, removed from the
rented premises cotton which was grown thereon, and conceding,
but not holding, that he was a tenant of the landlord, under the
ruling in the 4th headnote, this did not empower the landlord to
sue in trover for the cotton grown by the subtenant, or, "waiving
counsel for plaintiff that he is entitled to the verdict in his favor
because in the fall, and before the subtenant had paid any rent to
the tort, to sue for its value in assumpsit."   But it is urged by
the original tenant, the subtenant made a "distinct and definite con-
tract" with the landlord that he would pay to the landlord the rent
which he had contracted to pay to the original tenant.   This con-
tention is denied by the defendant; but granting that he did make
such a promise, it was a mere oral promise to answer for the debt
of another, and, under the law set out in the 6th headnote, is not
binding on him.   Counsel for the plaintiff in error cites and relies
on the case of *Saulsbury* v. *McKellar,* 59 *Ga.* 302, to support his
contention, but the facts of that case clearly differentiate it from
this one.   This case is more analagous to the case of *Worrill* v.
*Barnes,* 57 *Ga.* 404.

We are therefore constrained to hold that the verdict is without evidence to support it; and the judgment is

Reversed. Broyles, C. J., and Luke, J., concur.