## POPE *v.* LOVETT.

No. 12904. JULY 14, 1939.

*C. C. Crockett,* for plaintiff.

*R. M. Daley* and *A. L. Hatcher,* for defendant.

JENKINS, Justice. This petition by the grantor against the grantee of a security deed to land prayed for an accounting, cancellation of the instrument, and restoration of possession of the property. It was alleged that while the creditor, under a power of

sale in the security deed, was advertising the land to be sold in January, 1933, the foreclosure was abandoned by agreement, on the following terms: that certain mules of the plaintiff debtor, on which the defendant held a bill of sale to secure debt and the deed was given as additional security, would become the absolute property of the defendant grantee at an agreed valuation of $425; that the defendant would take immediate possession of the land, farm it, pay the 1931, 1932, and other taxes, which amounted to approximately $90 a year, and apply the rental and profits to the balance of the debt of about $657, to the taxes, and to certain unsecured indebtedness due to the defendant and a partnership in which he was interested and represented by undisputed notes of $110 and $137.50, and an item of $181.20, which the plaintiff alleged he had subsequently paid; and that when the indebtedness was paid in full, the defendant would cancel the deed and surrender the land to the plaintiff. It was alleged that under this agreement and before the day of sale, the plaintiff surrendered possession of the land to the defendant, who has continued to farm it, and the defendant took over the mules; that in reliance on the agreement, the plaintiff took no other steps to satisfy the debt, which he could have financed without loss of the property; that subsequently the defendant admitted the making of this alleged agreement, and promised to have a settlement and return the land if the rents and profits amounted to the indebtedness, and at one time stated his belief that the land had paid out, but afterwards repudiated the agreement and claimed the land as his own under an alleged foreclosure sale, as originally advertised, in January 1933, and a foreclosure deed to himself made in 1937 and recorded; that such a sale, if made, was illegal on account of the alleged agreement; that the land was an eight-horse farm worth $800 a year as reasonable rent; that "when these rents, issues, and profits are applied to the payment of all that is owing defendant, the debt has been fully paid, and petitioner is entitled to have the security deed canceled, and his possession of the property and enjoyment of it restored to him; but . . the defendant refuses to surrender such possession or to account to him for the rents and profits." The court dismissed the action on demurrer on the grounds that the petition stated no cause, legal or equitable; and that the alleged contract was wholly without consideration and unilateral. The bill of exceptions refers to the filing

of two demurrers, but the only one which is brought up in the record does not disclose that the statute of frauds was invoked in the trial court. The defendant, however, contends by brief that the contract was unenforceable, because it was not in writing; and that this question was raised by demurrer.

1. An executed agreement between a grantor and a grantee in a security deed to land is not invalid as lacking in consideration from the grantor, where it is agreed that the grantee will abandon his foreclosure sale of the land as advertised under a power in the deed, in consideration of his immediately acquiring an absolute title and immediate possession of certain live stock, at an agreed valuation, covered by a separate bill of sale to secure debt from the grantor to the grantee, and also the grantee's immediate possession of the land with the right and obligation on his part to apply the rents and profits of the land on the security deed and other unsecured indebtedness of the grantor, and with the grantee's obligation to return the land to the grantor and cancel the security deed when the rents equal all the indebtedness. See *Fite* v. *Thweatt*, 46 *Ga. App.* 82 (166 S. E. 682); *Mortgage Purchase & Sales Co.* v. *Williamson*, 55 *Ga. App.* 92 (189 S. E. 293); *Dorlch* v. *Bishop*, 27 *Ga. App.* 720 (109 S. E. 674); *Polhill* v. *Brown*, 84 *Ga.* 338 (10 S. E. 921). This petition by the grantor against the grantee of a security deed alleging that all indebtedness had been paid under the operation of said agreement, and praying for cancellation of the instrument, restoration of possession of the land, and an accounting as to the rents and the indebtedness, and setting forth the above alleged agreement, was not subject to demurrer as alleging a mere nudum pactum.

2. The defense of the statute of frauds must be specifically raised, and can not be insisted upon in the appellate court, unless the record shows that it was raised in the trial court. *Tift* v. *Wight*, 113 *Ga.* 681, 686 (39 S. E. 503); *Marks* v. *Talmadge*, 8 *Ga. App.* 557 (69 S. E. 1131); *Shierling* v. *Richland Grocery Co.*, 9 *Ga. App.* 271 (70 S. E. 1126); *Miller* v. *Smith*, 6 *Ga. App.* 447 (65 S. E. 292); *Williams* v. *Johnson*, 8 *Ga. App.* 651, 652 (70 S. E. 89). The record in this case shows that the defendant filed two demurrers to the petition, but the only one brought up does not disclose that any such defense was raised. But even if it had been made to appear that such a ground was included in a second de-

murrer not brought up, such defense would be without merit, since the petition alleged that the grantor fully performed his agreement to surrender the live stock and possession of the land, and the grantee took and retained their possession and received the rents and profits of the land. Code, § 20-402 (2, 3).

3. For the reasons stated, it was error to dismiss the petition on demurrer.  *Judgment reversed. All the Justices concur.*