LAWSON *v.* HAYGOOD *et al.*

BELL, Justice. 1. Under a lease of real estate for a term of less than 5 years, and granting only the usufruct, the tenant cannot sublet the premises or transfer the lease without the consent of the landlord; but if he should, without such consent, undertake to assign or transfer such lease to another person, the landlord may, by affirmative action, elect to treat such unauthorized transferee as his own tenant, and thereby establish between them the relation of landlord and tenant according to the terms of the original lease. Code, § 61-101; *Hudson* v. *Stewart,* 110 *Ga.* 37 (35 S. E. 178) ; *Armstrong* v. *Reynolds,* 33 *Ga. App.* 27 (1) (125 S. E. 512) ; *Garbutt & Donovan* v. *Barksdale-Pruitt Junk Co.,* 37 *Ga. App.* 210 (1) (139 S. E. 357).

2. Where, as in the present case, the original petition alleged that the landlord acquiesced in the transferees' possession of the property, and accepted rents from them in accordance with the original lease, and thereafter, in an amendment (the first amendment), it was alleged further that the landlord "recognized these plaintiffs [the transferees] as his tenants under said lease contract . . .and repeatedly stated to the plaintiffs that they could occupy said premises under the provisions of said lease contract as long as they desired"—*Held,* that the petition as thus amended was sufficient to show affirmative action on the part of the landlord to treat the transferees as his own tenants under the terms of such lease contract. *Mendel* v. *Barrett & Son,* 32 *Ga. App.* 581 (124 S. E. 107) ; *Garbutt & Donovan* v. *Barksdale-Pruitt Junk Co.,* 37 *Ga. App.* 210 (supra) ; *Kaufman Bros. & Co.* v. *Pappas,* 45 *Ga. App.* 479 (165 S. E. 326).

3. This being a suit in which the plaintiffs, suing as transferees, claimed the right to renew the lease for an additional term, according to its provisions as applied to the original tenant, and sought injunction to restrain the landlord from removing certain appurtenances or fixtures which were being used in connection with the building at the time it was originally leased, the allegations of the original petition, together with those added by the first amendment, were sufficient to state a cause of action; and this is true, regardless of whether before such amendment the petition was defective and subject to general demurrer on the ground that, under the terms of the original lease, the tenant did not have the right to transfer it.

(a) The judge, on December 14, 1946, having sustained a general demurrer and dismissed the original petition, had the power during the same term of the court to vacate this judgment even upon his own motion, for the purpose of promoting justice; and it does not appear that he abused such discretion in so vacating the judgment for the purpose of considering the amendment referred to in his order, namely the first amendment, as above described. *Athens Apartment Corp.* v. *Hill,* 156 *Ga.* 437 (1) (119 S. E. 631); *Kerr* v. *Kerr,* 183 *Ga.* 573 (1) (189 S. E. 20); *Jones* v. *Garage Equipment Co.,* 16 *Ga. App.* 596 (85 S. E. 940); *Southern Cotton Oil Co.* v. *Taylor,* 18 *Ga. App.* 56 (88 S. E. 798); *Smith* v. *Armour Fertilizer Co.,* 18 *Ga. App.* 521 (89 S. E. 1087).

(b) The power of the court in its discretion to vacate a judgment rendered during the same term may be applied to judgments dismissing petitions out of court as well as to other judgments. *Phillips* v. *Aycock,* 89 *Ga.* 725 (15 S. E. 624); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (1) (48 S. E. 380); *Deen* v. *Baxley State Bank,* 192 *Ga.* 300 (1) (15 S. E. 2d, 194).

(c) If in this case notice to the parties was necessary before vacating the judgment, the presumption is that such notice was given, nothing to the contrary appearing. *Southeastern Pipe-Line Co.* v. *Garrett,* 192 *Ga.* 817 (1), 825 (16 S. E. 2d, 753); *Carmichael* v. *Jackson,* 194 *Ga.* 664, 670 (22 S. E. 470). See also authorities cited under (a), supra.

(d) The present case differs on its facts from *Oofer* v. *Maxwell,* 201 *Ga.* 846 (41 S. E. 2d, 420), where the original order clearly provided that the petition would be considered dismissed unless amended within five days to meet enumerated grounds of demurrer, and it was held that the plaintiff did not show any sufficient excuse for failure to obtain an order allowing her amendment within the time specified, and hence did not show any meritorious ground for setting aside the original judgment, so as to let in the amendment. It is also distinguished by its facts from *Wells* v. *Butler's Builders' Supply Co.,* 128 *Ga.* 37 (3) (57 S. E. 55), *Field* v. *Brantley,* 144 *Ga.* 55 (3) (86 S. E. 245), and *Cahoon* v. *Wills,* 179 *Ga.* 195 (1) (175 S. E. 563), in which the plaintiffs claimed the right to amend even though the petitions had been dismissed and had not been reinstated.

(e) There is an important difference between cases depending upon absolute right, and those in which the judge may either vacate a judgment or let it stand, within the realm of his discretionary power. In the latter class of cases, any judgment rendered will be affirmed unless such discretion is manifestly abused. See *Van Dyke* v. *Van Dyke,* 120 *Ga.*

984, 987 (48 S. E. 380); *Wells* v. *Butler's Builders' Supply Co.*, 128 *Ga.* 37, 40 (supra); *Sherman* v. *Stephens*, 30 *Ga. App.* 509 (1), 517 (118 S. E. 567).

4. Both the first and the second amendments were properly allowed as against all grounds of demurrer urged; nor was it error to overrule the demurrers to the petition as amended.

(*a*) While the brief for the plaintiff in error contains some argument based upon the statute of frauds, there was no reference whatever to this statute in any of the demurrers, and therefore no question as to its applicability is presented by the present record. *Pope* v. *Lovett*, 188 *Ga.* 524, 526 (4 S. E. 2d, 152).

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., and Atkinson, J., who dissent.*

No. 15789. JUNE 12, 1947. ADHERED TO ON REHEARING JULY 11, 1947.

508

*H. G. Vandiviere, H. L. Buffington Jr., Sam P. Burtz,* and *A. J. Henderson,* for plaintiff in error.

*Wood & Tallant,* contra.