CARL BASSE v. WM. J. ALLEN.

1. CONTRACT—NOTICE.—A party claiming the benefit of a month's no-
tice, under a contract for labor terminable by either party on such
notice, must show compliance on his part with his duty under the
contract.

2. PLEADING—ANSWER.—An answer to a suit for labor under such
contract alleging gross neglect, want of care in the business, and
drunkenness on the part of the laborer so as to interfere in the per-
formance of his duty, is sufficient, and it was error in the court
below to sustain a demurrer thereto.

APPEAL from Gillespie. Tried below before the Hon.
I. N. Everett.

*Portis & Altgelt*, for appellant.

*Jas. H. Burts*, for appellee.

REEVES, ASSOCIATE JUSTICE.—The appellant assigns for
error the action of the court in striking out that part of
his answer which charges the appellee with a breach of

his contract.   He also complains of the charge of the
court to the jury, but which, for want of a statement of
facts, will not be considered in disposing of the case.

The suit was brought by the appellee, Allen, on a writ-
ten contract with Basse, made September 1, 1872.   The
contract recites that Allen " agrees to and with Basse to
run his mill and to give his skill and labor as a miller to
the best advantage for one year," and that Basse agreed
to pay Allen for his services one hundred and five dollars,
in gold, per month, to be paid at the end of each month.
It was further stipulated that either party might terminate
the agreement on giving a month's notice of his intention
to the other.

The plaintiff claims the sum of seventy-three dollars
and eighty-three cents as a balance due and unpaid for
his services for the month of January, 1873, and the fur-
ther sum of one hundred and five dollars for his services
for the month of February.

Among other defenses set up in the answer, the defend-
ant states that he discharged the plaintiff on the 31st day
of January, 1873, for gross neglect and want of care and
attention to defendant's mill and for drunkenness.   He
alleges that the plaintiff, during the latter part of the year
1872, and particularly during the month of January, 1873,
became negligent in the performance of his duties as de-
fendant's miller; that he established himself as a prac-
ticing physician in the town of Fredericksburg; that he
unnecessarily absented himself from the mill, in disregard
of his duties and obligations under said contract; that at
sundry and divers times, and particularly in the latter
part of the month of January, 1873, the plaintiff appeared
in said mill, during working hours, intoxicated and totally
unable to perform his duties as defendant's miller; and
that his malfeasance and negligence was of such a nature
that defendant's mill was endangered thereby.

On plaintiff's exception, the above and foregoing por-

tion of the answer was stricken out, on what ground does not appear in the bill of exceptions signed by the judge. It may have been because the charges of misconduct, as alleged in the answer, were regarded as being too general, that being the ground of the plaintiff's exception. If that was the reason why the answer was held to be insufficient, we think the ruling was erroneous.

The facts as stated in the answer, if true, were a defense to the suit, and the defendant should have been allowed to introduce evidence in support of his answer.

If the plaintiff claims the benefit of the month's notice provided for in the agreement, he must show compliance with its terms; or if the defendant can show that the plaintiff failed to comply with the agreement, he should be permitted to do so. This he attempted to do by his answer, to which the exceptions were sustained; and in this there was error, for which error the judgment must be reversed.

Reversed and remanded.