- 2685.  WILLIAMS & MEADOWS *v.* JOHNSON.

There was no such material variance between the contract as alleged and the contract as proved as to authorize a nonsuit; and the evidence, taken as a whole, authorized the verdict rendered.

DECIDED JANUARY 31, 1911.

Action for breach of contract; from city court of Abbeville— Judge Nicholson. May 11, 1910.

*M. B. Cannon,* for plaintiffs in error.

POWELL, J. Johnson sued Williams & Meadows for breach of a contract of employment he made with them as woodsman on a turpentine farm. In the petition it is alleged, that "on or about November 22, 1906," he made an oral contract with them for his services for twelve months thencefrom ensuing, at the sum of $75 per month. After he had performed the services for eight months, they discharged him and paid him for the services performed, at the rate of only $60 per month. He sued for the $120 which represents the difference between the $60 per month he had been paid and the $75 per month which he claimed should have been paid for the eight months service he had actually performed; also for the loss that ensued to him by reason of the fact that for the last four months of the year he was not able to get employment at a price exceeding $50 per month. He also claimed that of the $60 a month alleged to have been paid him for the first eight months of service, $100 had been expended by him in paying off hands, and that he should recover that back. The defendants, while admitting that they had employed the plaintiff, claimed that the employment was by the month, and that it was at the rate of $60 per month, and that they had paid him the $60 in full, without deduction. The plaintiff proved that in September, 1908, he made an agreement with the defendants whereby he was to work for them until about the first of December at a certain rate, and after that at a rate of $75 per month. The defendant's testimony

tended to show that he was employed by the month at $60 per month; also that he was discharged for cause; it also tended to show an accord and satisfaction. The jury rendered a verdict in the plaintiff's favor for the sum of $120.

The point is made that the plaintiff failed to prove his contract as laid, and, therefore, was not entitled to recover at all. We recognize the rule that where there is a material variance between the contract as laid in the petition and the contract shown in the proof, a nonsuit should be granted, unless the petition is amended, but we do not think that such a material variance was shown in this case as to be fatal. It is true that it is alleged that the contract was made "on or about November 22," while, as a matter of fact, it was made in September, with the understanding that it (that is, the contract, so far as it related to the particular services herein involved) was to begin on or about November 22, 1906. The date of a contract may or may not be material. If it is a written contract and is described as having been made on a certain date, the allegation as to the date, if specifically stated, becomes a part of the description of the contract to such an extent that the declaration can not be supported by proof of a written contract dated on some other day; and in such a case nonsuit should be granted, unless the plaintiff amends so as to make his allegation correspond with his proof. But where the date is alleged under what is known in common-law pleading as a videlicet, or is alleged in such manner as to indicate that it is not intended to make the date particularly descriptive of the contract, proof of the date as alleged is not usually material; and where a parol contract is sued on, and it is alleged to have been made "on or about" a given date, it is reasonably plain that the pleader does not intend to make the date a term of description as to the contract. It is contended that the date of the making of the contract was of special materiality in this case, because of the fact that the contract was oral and was not to be performed within one year. However, as the petition alleges and the proof on both sides of the case shows enough to take the contract out of the statute of frauds, there is no merit in this proposition. See *Barnett Line of Steamers* v. *Blackmar*, 53 *Ga.* 98 (2). Besides, the defense of statute of frauds is one which must be strictly pleaded; and it was not so pleaded in this case. See *Marks* v. *Talmadge*, ante, 557 (69 S. E. 1131).

Under the evidence the jury had the right to find that the plain-tiff was employed at the rate of $75 per month for the year beginning in November, 1906, as he alleged, but that the defendants had reserved the right to discharge him at any time when his services should prove unsatisfactory. The jury seems to have adopted this view, for they allowed the plaintiff $120, which represents the difference between compensation at $60 per month and at $75 per month, for the period during which he worked. It is true that the jury allowed some of the claims of the plaintiff and disallowed some of them, allowed some of the claims of the defendant and disallowed some of them, and that their finding is not in consonance with the contentions of either of the parties. The verdict may be viewed as a reconciliation of all the testimony; and it must be remembered that this is a matter as to which the jury has almost unlimited prerogative; they have a right to view the testimony as a whole, and to select and act on just such parts of it, taken from one side or the other, or from both sides, as appeal to them as being the truth of every contested issue of fact.

*Judgment affirmed.*