### 7287. WILLIAMS VALVE COMPANY *v.* AMOROUS.

BROYLES, P. J. 1. The contract of a surety is one of strict law, and his liability will not be extended by implication or interpretation. Civil Code, § 3540.

2. A guarantor of any class may by his contract limit his liability according to his own pleasure, and stipulate for such diligence or preliminary action on the part of the creditor as he may choose to exact. *Wright* v. *Shorter,* 56 *Ga.* 72, 77.

3. Where the liability of the promisor is fixed by the mere default of the principal, it is an absolute guarantee; but if the promisor's liability depends upon any other event than the non-performance of the principal, it is a conditional guaranty. Stearns on Suretyship (2d ed.), 73, § 61; 20 Cyc. 1398.

4. If the contract of suretyship expressly provides for giving information of specific acts, such information must be given although the obligee considers such acts of no importance; else the surety will be discharged. Childs on Suretyship, 204. See also 1 Brandt on Suretyship (3d ed.), §§ 2, 113.

(*a*) Where the contract of suretyship stipulates that notice of the principal's default shall be given to the surety, failure to give such notice within the time specified, or to give notice promptly if the contract provides for immediate notice, will prevent recovery from the surety. 32 Cyc. 176; Stearns on Suretyship, 89, 90, 163.

5. Where the intent of the parties is clearly expressed in the instrument, or has been fully ascertained from the circumstances, the rule of strict construction applies, and the guarantor may stand upon the precise terms of his contract. Stearns on Suretyship, 59, 60; *Musgrove* v. *Luther Publishing Co.,* 5 *Ga. App.* 279, 284 (63 S. E. 52).

6. In a suit brought against a guarantor, performance by the plaintiff of a condition precedent, to be performed by him, must be averred in the petition. *Griswold* v. *Scott*, 13 *Ga.* 210; 4 Enc. Pl. & Pr. 628.

7. This suit was brought against a guarantor, to enforce liability upon a written instrument called by the plaintiff, in its amended petition, a contract of guaranty. This contract, which was signed by the guarantor and accepted by the plaintiff, contained, among other things, a stipulation that "in case the said Englehart Heating Company defaults in the payment for said material and goods, according to the terms of their agreement with you, I further agree that upon notice from you to this effect, by mail, my agreement to pay therefor becomes absolutely unconditional." It does not appear from the petition as amended that the plaintiff ever gave the guarantor the notice required by the contract; and the court therefore did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JANUARY 23, 1917.

Complaint; from city court of Atlanta—Judge Reid. December 21, 1915.

*Dillon & Burress,* for plaintiff.

*A. A. & E. L. Meyer,* for defendant.