LONE STAR SHIPBUILDING CO. v. LARSEN. (No. 504.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 5, 1919. Rehearing Denied Dec. 17, 1919.)

ACCORD AND SATISFACTION ⬅26(3)—SUFFICIENCY OF EVIDENCE OF DISPUTE AS TO AMOUNT DUE.

In an employé's action to recover an additional month's pay upon discharge pursuant to an alleged agreement, evidence that both plaintiff employé and defendant's superintendent agreed that there was such a contract does not show any dispute as to amount due which would establish an accord and satisfaction upon plaintiff accepting a check for services only up to date of his discharge.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by I. H. Larsen against the Lone Star Shipbuilding Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith & Crawford and B. F. Pye, all of Beaumont, for appellant.

Howth & Williams, of Beaumont, for appellee.

WALKER, J. This is a companion appeal with No. 503, Lone Star Shipbuilding Co. v. W. P. Daniels, 217 S. W. 225, this day decided by us. The same questions of law and fact are involved in this appeal as in Lone Star Shipbuilding Co. v. W. P. Daniels, except as to the third assignment of error. In this case appellee does not testify that, when he accepted the check which was the basis of the accord and satisfaction, appellant prom-

ised to pay him a month's salary if his contract so stipulated; but appellee testified as follows:

"At the time I was discharged and paid off in June, I certainly did say something about that agreement about a 30 days' notice. I mentioned that to Mr. Schultheiser and Mr. Duncan. I have stated that I did say something to them about the 30 days' notice when I was discharged in June. When they presented me with a check, I accepted it, and the reason I took that check was because that paid me up to a certain date. From that time on I was to be paid according to my contract with Mr. Schultheiser."

At the time appellee was employed, Mr. Schultheiser was the general foreman or superintendent of the Lone Star Shipbuilding Company, and had authority to employ appellee. By the testimony appellee and Schultheiser agree on the terms of the contract, this being substantially as pleaded. This testimony does not show a misunderstanding or dispute as to the amount due at the time the check was accepted by appellee, and hence does not sustain the plea of accord and satisfaction.

Finding no errors in this record, this case is in all things affirmed.