## LONE STAR SHIPBUILDING CO. v. DANIELS. (No. 503.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 5, 1919. Rehearing Denied Dec. 17, 1919.)

1. MASTER AND SERVANT $\Longleftrightarrow$39(1)—PETITION FOR UNPAID WAGES SUFFICIENT.

Employé's petition, stating that defendant employer agreed to give 30 days' notice before discharging him or give one month's additional pay, and that plaintiff was discharged without such notice or additional pay, held good against a general demurrer.

2. PLEADING $\Longleftrightarrow$34(3)—INTENDMENTS IN FAVOR OF PLEADING AS AGAINST A GENERAL DEMURRER.

All reasonable intendments are indulged in favor of the pleading as against a general demurrer.

3. ACCORD AND SATISFACTION $\Longleftrightarrow$23—ESTOPPEL TO LATER ASSERT CLAIM.

If plaintiff's acceptance and cashing of checks constituted an accord and satisfaction, he is estopped from thereafter suing on the claim for which the checks were given in payment.

4. ACCORD AND SATISFACTION $\Longleftrightarrow$1—NECESSITY OF BONA FIDE DISPUTE.

There must be a bona fide dispute as to the amount due in order to constitute an accord and satisfaction.

5. ACCORD AND SATSIFACTION $\Longleftrightarrow$27—QUESTION OF FACT.

Evidence that plaintiff employé accepted certain checks after advising defendant employer that he was entitled to an extra month's pay, and that the employer stated he would receive it if he was entitled to it, etc., held to make the issue of accord and satisfaction a question of fact.

6. MASTER AND SERVANT $\Longleftrightarrow$39(2)—VARIANCE IN ACTION FOR WAGES IMMATERIAL.

In a servant's action for unpaid wages there is no material variance between allegations that the contract of employment was made on or about September 4, 1917, and proof that it was made about June 1, 1918.

7. MASTER AND SERVANT $\Longleftrightarrow$40(3)—DILIGENCE IN SEEKING WORK AFTER DISCHARGE.

In a servant's action for unpaid wages, evidence held to sustain a finding that he diligently sought other work after his discharge.

8. EVIDENCE $\Longleftrightarrow$317(1) — CONVERSATION BETWEEN OTHER PARTIES.

In an employé's action for unpaid wages, evidence regarding a conversation between other parties, when plaintiff was not present nor shown to have been connected with it, held inadmissible.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Suit by W. P. Daniels against the Lone Star Shipbuilding Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith & Crawford, of Beaumont, for appellant.

Howth & Williams, of Beaumont, for appellee.

WALKER, J. This suit was filed by appellee, W. P. Daniels, against the appellant, Lone Star Shipbuilding Company, on August 7, 1918, and was tried on plaintiff's original petition, which, omitting formal parts, is as follows:

"That heretofore, to wit, on or about the 4th day of September, A. D. 1917, plaintiff and defendant made and entered into a verbal contract by and under the terms of which the plaintiff agreed to accept employment, and did accept employment, as an employé of defendant in the capacity of purchasing agent; and the defendant agreed to pay plaintiff for his said services the sum of $175 per month, payable at the end of each calendar month, and it was further mutually agreed by and between the parties that, in the event of the desire of plaintiff to leave the service of the defendant, he would give the defendant 30 days' notice of his intention to leave the service of the defendant before actually leaving it; and it was further mutually agreed by and between the parties as a part of the consideration for said employment, that, if the defendant desired to discontinue the employment of plaintiff for any reason, it would give the plaintiff 30 days' notice of its intention so to do, or if in the event it failed to give such notice to the plaintiff, it would, in lieu thereof, give the plaintiff one month's pay.

"That on or about the 22d day of July, A. D. 1918, the defendant discharged plaintiff without giving to the plaintiff 30 days' notice as agreed upon and without paying the plaintiff one months pay.

"That, in addition to said sum of $175 for one month's pay, the said defendant owes plaintiff the sum of $28.85 for five days' work for which defendant, though often requested, has wholly failed to pay plaintiff."

Appellant answered by general demurrer and general denial and by a tender of $25.96 as the amount due by appellant to appellee, and pleaded specially that appellee was discharged because of misconduct, and that he was negligent in seeking further employment, and also pleaded accord and satisfaction, in that on the 3d day of July appellee accepted and cashed a check for $23.07, which said

check had printed thereon the following: "In full of all claims to date."

[1, 2] Appellant's general demurrer was overruled by the trial court, and this ruling is made the basis of the first and second assignments of error. As against a general demurrer, plaintiff's petition is good. The petition shows that plaintiff and defendant made and entered into a contract. It further shows that if plaintiff was discharged "for any reason" plaintiff should have 30 days' notice, or in lieu thereof a month's pay. It further shows that plaintiff was discharged. As against a general demurrer, all reasonable intendments are indulged in favor of the pleading. The authorities cited by appellant are not in point as against this petition. Benson v. Ashford, 189 S. W. 1093; Reuter v. Nixon State Bank, 206 S. W. 715; Basse v. Allen, 43 Tex. 481; Bell v. Warren, 39 Tex. 110; Guadalupe County v. Johnston, 1 Tex. Civ. App. 713, 20 S. W. 833. Basse v. Allen, supra, is more nearly in point on the terms of the contract than the other citations. However, an examination of this case shows that no exception, either general or special, was urged against plaintiff's petition.

[3-5] Appellant's third assignment of error is that the court erred in rendering judgment against this appellant, because the uncontroverted evidence showed that appellee, while there was a controversy between him and appellant as to the amount due, had accepted, indorsed, and cashed two checks drawn by appellant payable to the order of appellee, aggregating the sum of $23.07, which checks had printed on the face of each before delivery, "In full of all claims to date hereof," and therefore the acceptance and cashing of said checks constituted an accord and satisfaction, and that plaintiff was, as a matter of law, estopped from thereafter setting up the alleged claim sued on in this action.

If the facts sustained this assignment of error, it would embody a correct proposition of law. Hollinger v. Llano Granite & Marble Co., 173 S. W. 603; Stetson-Preston Co. v. Dodson & Co., 103 S. W. 685; Hunt et al. v. Ogden, 58 Tex. Civ. App. 443, 125 S. W. 386; Shelton v. Jackson, 20 Tex. Civ. App. 443, 49 S. W. 415. As we construe these facts, there is no issue as to the terms of the contract. As to a controversy as to the amount due, appellant testified:

"It was some time about the 1st of June that I had that agreement with Mr. Schultheiser that he was to let me have 30 days' notice or a month's pay in the event they discharged me; and, in turn, I was to give them 30 days' notice in the event I decided to quit the company. I certainly did tell the cashier, or the man who issued these checks, that I had been discharged without 30 days' notice and that I was entitled to a month's pay. I told Mr. Duncan that, and he said that he would look into it. At the time this check was issued, I certainly did tell them that I was entitled to a month's

pay and at that time demanded it, and he told me that if I was entitled to a month's pay that he would see that I got it, and I took this check that you show me under those conditions."

This testimony of appellee expressly negatives all facts on which appellant could base an issue of accord and satisfaction. In order to sustain this plea, appellant must have shown a dispute in good faith between appellant and appellee as to the amount due. The most that could be said in favor of appellant is that the issue of accord and satisfaction was a question of fact to be decided by the court, and this record amply sustains the judgment of the court on that issue.

[6] Appellant's fourth assignment of error is that there is a fatal variance between the allegations of plaintiff's petition and the proof. Plaintiff alleged:

"That heretofore, to wit, on or about the 4th day of September, 1917, plaintiff and defendant made and entered into a verbal contract," etc.

The proof shows that this contract was entered into about the first of June, 1918. The rule as announced in 13 Corpus Juris, p. 754, § 920 (h), is as follows:

"Where a parol contract is sued on, and it is alleged to have been made 'on or about' a given date, it is reasonably plain that the pleader does not intend to make the date a term of description as to the contract, and the date mentioned need not be proved."

Williams & Meadow v. Johnson, 8 Ga. App. 651, 70 S. E. 89, an opinion by the Court of Appeals of Georgia filed January 31, 1911, sustains this rule. In that case plaintiff alleged that on or about November 22, 1906, he made an oral contract. The facts showed that the contract was made in September. The court said:

"The point is made that the plaintiff failed to prove his contract as laid, and therefore was not entitled to recover at all. We recognize the rule that, where there is a material variance between the contract as laid in the petition and the contract shown in the proof, a nonsuit should be granted, unless the petition is amended; but we do not think that such a material variance was shown in this case as to be fatal. * * * The date of the contract may or may not be material. If it is a written contract, and is described as having been made on a certain date, the allegation as to the date, as specifically stated, becomes a part of the description of the contract to such an extent that the declaration cannot be supported by proof of a written contract dated on some other day. * * * But where the date is alleged under what is known in common-law pleading as a videlicet, or is alleged in such manner as to indicate that it is not intended to make the date particularly descriptive of the contract, proof of the date as alleged is not usually material; where a parol contract is sued on, and it is alleged to have been made

'on or about' a given date, it is reasonably plain that the pleader does not intend to make the date a term of description as to the contract."

Appellant's fifth assignment of error is as follows:

"The court erred in rendering any judgment against this defendant when the preponderance of the evidence showed that this defendant had just cause to discharge plaintiff and that plaintiff was not entitled to any notice thereof."

Appellant introduced a large mass of testimony to the effect that appellee was an unruly, troublesome, and disobedient servant. This was denied by him. On this issue the trial court found against appellant, and we will not disturb his finding.

[7] Appellant's sixth assignment of error is that the court erred in rendering any judgment against it because the preponderance of the evidence showed the plaintiff could, by the exercise of ordinary diligence, have secured other or similar employment that would have paid him as much or more than he was receiving at the time of his discharge.

This was an issue of fact to be decided by the court. Plaintiff testified that he made diligent inquiry to find work, giving the names of parties to whom he applied. Nobody testified that they offered appellant work. We will not disturb the court's finding on this issue.

[8] Appellant's seventh assignment of error is that the court erred to the prejudice of this defendant in refusing to permit defendant's witness I. R. Avant to testify to a conversation had with one B. R. Berry, which said Berry had with him at the request of plaintiff.

Appellant's bill of exception to the exclusion of this testimony is as follows:

"Be it remembered that on the trial of the above styled and numbered cause, in this court, the defendant offered the following evidence by the witness I. R. Avant:

"That on or about the 25th day of June, A. D. 1918, he was approached by B. R. Berry, who was then in the employ of the Lone Star Shipbuilding Company as master mechanic, and had a conversation with said Berry, during which conversation said Berry stated to affiant in substance, as follows:

" 'That they (meaning the New York office of the Lone Star Shipbuilding Company) was making it hard for the old man (meaning Mr. Schultlieiser), and it has come to the place where the old man has got to take a stand, so he wired them that he would resign, and they wired back, "All right we can have a man to relieve you on July 1st." The old man wired them, "All right me and my organization will deliver up the yard to you on July 1." That when Mr. Duncan comes down here and goes to making a talk, we want to drown him out and not hear him, no matter what he has to say. And when Mr. Schultheiser gets up to talk we want

to quiet down and hear him. Now we want all the foremen to walk out and bring all their men with them. What we want is to deliver up the yard without a man.'

"To which the counsel for the plaintiff object for the following reasons, to wit:

" 'Because it is not shown that the plaintiff was present or had any connections with it.' And the court sustained said objections. The defendant excepted to said ruling, and herewith tenders his bill of exceptions, and asks that same be signed and made a part of the record in said cause, which is accordingly done."

No error is shown by this assignment. It does not appear from this bill of exceptions that the witness Berry had the conversation with Avant at the instance and request of plaintiff, nor that plaintiff was in any way connected with the conversation, nor with the subject-matter of the conversation.

Finding no errors in this record, this case is in all things affirmed.