15011. MARYLAND CASUALTY Co. *v.* McALPIN, ordinary.

BROYLES, C. J. 1. A contract of suretyship must be strictly construed in the interest of the surety. *Board of Education* v. *Fudge,* 4 *Ga. App.* 637 (1 *a*).

2. Where an administrator receives money for the use of particular individuals, the receipt operates as a specific appropriation of that money, and the administrator is liable for it in his individual capacity only, such money being no part of the estate of the decedent. *Johnson* v. *Hall,* 101 *Ga.* 687, 691 (29 S. E. 37).

3. Where an administrator of the estate of a deceased employee of a railroad company receives money in settlement of a death claim against the railroad company, arising out of the homicide of the deceased employee (the railroad company and the deceased employee being engaged in interstate commerce at the time of the homicide), the surety upon the bond of the administrator is not liable for the misappropriation by the administrator of the money so received, as such fund is no part of the decedent's estate, but is for the benefit solely of certain designated beneficiaries named in the Federal employer's liability act. *Cooper* v. *Cooper,* 30 *Ga. App.* 710 (119 S. E. 335). This is true although the statute law of this State (Civil Code of 1910, § 3972) provides that the bond of every administrator "shall be conditioned for the faithful discharge of his duty as such administrator, as required by law."

4. Under the above-stated rulings, the petition in the instant case failed to set forth a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.

Action on bond; from city court of Savannah—Judge Freeman. August 30, 1923.

Application for certiorari was denied by the Supreme Court.

*O'Byrne, Hartridge, Wright & Brennan,* for plaintiff in error.

*Oliver & Oliver, Bouhan & Herzog,* contra.