39042, 39074.   MAYOR & ALDERMEN OF THE
CITY OF SAVANNAH v. GLENS FALLS INSURANCE
COMPANY; and *vice versa*.

DECIDED NOVEMBER 29, 1961.

*Alton D. Kitchings,* for plaintiff in error.

*Corish, Alexander & Smith, Malberry Smith, Jr.,* contra.

BELL, Judge. The defendant surety's bill of exceptions assigns error on the overruling of the defendant's general and special demurrers.

The general demurrer is based on the contention that the petition of the plaintiff shows that there is a fatal variance between the purported contract bond of the defendant, copy of which is attached to the petition, and the alleged contract of its principal, a copy of which is also attached to the petition. The defendant suggests that this fatal variance exists by reason of the fact that the purported bond of the defendant was signed, sealed, and *dated August 27, 1956,* and secures the performance by Chippewa Terrace, Inc. of a certain written contract *dated August 27, 1956,* for *furnishing materials* in connection with the renovation of a sewer system in the Chippewa Terrace Subdivision, whereas the contract attached to the petition and entered into by Chippewa Terrace, Inc. was *dated August 31, 1956,* and obligated that corporation *to renovate* the sewer system in the subdivision and also in the Chippewa Terrace Annex Subdivision.

Accordingly, it is urged, the petition of the plaintiffs fails to show any breach by the defendant of any duty or obligation owing by it to the plaintiffs under the provisions of the bond attached to and made a part of the petition.

The petition alleges that the defendant surety's principal, Chippewa Terrace, Inc., on August 31, 1956, entered into a contract with the plaintiffs, that the defendant's principal failed, and after demand for performance continues to fail, to perform its obligation under the contract by *not renovating* the sewer system; and that defendant's principal breached the contract by failing to have the renovated system completed for acceptance and connected with the plaintiffs' sewer system, and by

failing to accord the plaintiffs their rights to receive payment of the water rentals and sewer charges from a designated date.

The contract of the defendant surety, attached to the petition, names Chippewa Terrace, Inc. as the principal, and is dated August 27, 1956. It specifically recites *that it is signed, sealed, and dated the 27th day of August, 1956.*

Quoting from the contract bond, insofar as it is relevant here, it states that: "Whereas, Principal and Obligee have entered into a certain written contract (hereinafter called the contract), dated 8/27, 1956 *for furnishing materials in connection with renovation of present sewer system* in Chippewa Terrace Subdivision, Chatham County, Georgia a copy of which is or may be attached hereto, and is hereby referred to and made a part hereof.

"Now, Therefore, the condition of this obligation is such that if Principal shall well and truly perform the contract and make payment to all persons who have furnished Principal labor or material in the prosecution of the work provided for in the contract, then this obligation to be void, otherwise to remain in full force and effect; provided, however, this bond is executed by the Surety, upon the following express conditions, which shall be precedent to the right of recovery hereunder. . ." (Emphasis added.)

Construing the petition most strongly against the plaintiffs, as it must be upon demurrer, it charges default of the defendant's principal in the performance of a contract dated *August 31, 1956,* requiring the principal, inter alia, *to renovate* a sewer system in the Chippewa Terrace Subdivision, while the contract of the defendant surety as annexed to the petition by its terms makes the surety liable upon a contract between the principal and the plaintiffs *dated August 27, 1956,* for *furnishing materials in connection with renovation* of present sewer system in Chippewa Terrace Subdivision.

It is thus quite apparent that there is a variance in the date of the contract identified in the surety's bond and the date of the agreement alleged in the petition as covered by the bond.

It is equally clear that there is a dissimilarity between the bond's description of the work to be performed by the principal

and the undertaking of the principal as alleged in the petition.

"The contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." *Code* § 103-103. The undertaking of a surety being one stricti juris, he cannot either at law or in equity be bound further or otherwise than he is by the very terms of his contract. *Bethune v. Dozier,* 10 Ga. 235. "The date of a contract may or may not be material. If it is a written contract and is described as having been made on a certain date, the allegation as to the date, if specifically stated, becomes a part of the description of the contract to such an extent that the declaration can not be supported by proof of a written contract dated on some other day." *Williams & Meadows v. Johnson,* 8 Ga. App. 651, 652 (70 SE 89). See also *Mead v. McGee,* 215 Ga. 574 (111 SE2d 234); *Tate v. National Surety Corp.,* 58 Ga. App. 874 (200 SE 314); *Glens Falls Indem. Co. v. Southeastern Const. Co.,* 207 Ga. 488, 490 (62 SE2d 149).

Under the allegations of the petition, the surety did not undertake any liability for failure of performance *on the contract pleaded.* The surety obligated itself for the performance of a contract *for furnishing materials* under a contract *dated August 27, 1956.* Accordingly, the surety is not liable for the alleged breach of a contract dated *August 31, 1956, to renovate* a sewer system.

While there is a general allegation in the petition to the effect that the bond was given to secure the performance of the contract attached to the plaintiff's petition, this general charge is refuted by the express language contained in the respective instruments. Construing the petition most strongly against the pleader, the express allegations must prevail.

As the surety's liability cannot be extended by implication or interpretation, the petition did not state a cause of action under the bond sued on. The trial judge erred in overruling the general demurrer to the petition. It follows that the subsequent proceedings were nugatory, and it is unnecessary to rule upon the main bill of exceptions.

*Main bill of exceptions dismissed. Judgment on the cross-bill reversed. Felton, C. J., and Hall, J., concur.*