## 44275. PEARA v. ATLANTA NEWSPAPERS, INC.

BELL, Presiding Judge. "A contract of suretyship must be strictly construed in the interest of the surety." *Maryland Cas. Co. v. McAlpin*, 31 Ga. App. 303 (1) (120 SE 653). A surety's liability will not be extended by implication or interpretation. *Williams Valve Co. v. Amorous*, 19 Ga. App. 155 (91 SE 240). *Code* § 103-103. "The undertaking of a surety being stricti-juris, he cannot, in law or equity, be bound further than the very terms of his contract." *Bethune v. Dozier*, 10 Ga. 235. *Mayor &c. of Savannah v. Glens Falls Ins. Co.*, 104 Ga. App. 879 (123 SE2d 293). Here, the contract of suretyship signed by the defendant was for "advertising credit extended to World Wide Computer Training." Numerous exhibits offered in evidence by the plaintiff (these exhibits being on plaintiff's own forms) contained the words "Charge to: Computer Services Corp." A strict construction of the contract here shows that the credit for which the plaintiff sues was extended to *Computer Services Corp.* It can contribute nothing to plaintiff's cause that the exhibits contained notations to the effect that the ads published were for "World Wide Computer, a division of Computer Services Corp." The defendant, Peara, did not agree to indemnify for credit extended to *Computer Services Corp.* The evidence therefore demanded a verdict for the defendant. The trial court erred in denying defendant's motion for directed verdict. The judgment is reversed with direction to the trial court to enter judgment for the defendant. *Code Ann.* § 81A-150 (e).

*Judgment reversed with direction. Eberhardt, J., concurs. Deen, J., concurs specially.*

ARGUED FEBRUARY 4, 1969—DECIDED JUNE 20, 1969—
REHEARING DENIED JULY 25, 1969.

*Powell, Goldstein, Frazer & Murphy, Robert R. Harlin, Sidney J. Nurkin,* for appellant.

*B. Hugh Ansley,* for appellee.

DEEN, Judge, concurring specially. "World Wide Computer Training" for whose account with Atlanta Newspapers the appellant entered into a written contract of suretyship, was not at that time nor has it since become a legal entity. At the time of the agreement it was a division of Insurance Systems, Inc., which later changed its name to Computer Services Corp. with World Wide Computer Training continuing as a division of the corporation. The corporation, insofar as it operated as World Wide Computer Training, was accordingly simply operating as a trade name, and the fact that the corporate name was changed is not, so far as this record shows, relevant to the suretyship contract.

I am of the opinion that under *Code* § 103-203, when the November 30 contract between Computer Services Corp. and Atlanta Newspapers was entered into for quantity advertising with surcharge provisions if the minimum space was not used, the result of which contract was to increase the volume of advertising many, many times, this was in fact a new contract, and it did increase the surety's risk and subject him to greater liability without his consent, and he was therefore discharged.