### 65819. JOHNS v. LEASEWAY OF GEORGIA, INC.

QUILLIAN, Presiding Judge.

Appeal by a surety from a judgment on a surety agreement.

Defendant-appellant Johns was the sole shareholder and president of American Transport Lines, Inc., a trucking company. Plaintiff-appellee Leaseway of Georgia, Inc., leased trucks. Leaseway required Johns to execute a suretyship agreement to Leaseway before Leaseway would lease any trucks to American Transport Lines. The surety agreement was prepared by Leaseway and executed by Johns. The surety agreement in clear and unambiguous terms provided that Johns guaranteed the payment by American Transport of all its obligations under a "weekly lease agreement" of the same date. Thereafter, American Transport leased trucks from Leaseway under a series of weekly lease agreements for a number of months. American Transport defaulted on its payments to Leaseway, which commenced this action to collect from Johns based on the suretyship agreement. At trial, Leaseway introduced the suretyship agreement, which Johns admitted signing, and evidence that American Transport owed Leaseway the amount sued for arising from a series of weekly lease agreements. No evidence was presented of the weekly lease agreement mentioned in the suretyship agreement, or any debt owed to Leaseway under that weekly lease agreement. The trial court held that the suretyship agreement covered all indebtedness of American Transport to Leaseway and entered judgment for Leaseway. *Held:*

Although the suretyship agreement was couched in terms of guaranty, the distinction between suretyship and guaranty has been eliminated, OCGA § 10-7-1 (Code Ann. § 103-101).

"The contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." OCGA § 10-7-3 (Code Ann. § 103-103).

" 'A contract of suretyship must be strictly construed in the interest of the surety' [Cit.] A surety's liability will not be extended by implication or interpretation. [Cits.] 'The undertaking of a surety being stricti-juris, he cannot, in law or equity, be bound further than the very terms of his contract.' [Cits.]" *Peara v. Atlanta Newspapers,* 120 Ga. App. 163 (169 SE2d 670).

"There is no construction required or even permissible when the language employed by the parties in the contract is plain,

unambiguous and capable of only one reasonable interpretation. [Cit.]" *Pisano v. Security Management Co.,* 148 Ga. App. 567, 568 (251 SE2d 798).

The contract of suretyship is clear and unambiguous. Other than the general statement that Leaseway would not lease trucks to American Transport without a guaranty or suretyship agreement, we find no evidence that would alter the clear and unambiguous language of the agreement that Johns would guarantee the obligation of American Transport arising from a weekly lease agreement of the same date as the suretyship agreement, nor was any evidence produced of the referenced lease agreement or that American Transport owed Leaseway anything under the said agreement. Thus, Leaseway failed to prove that Johns was obligated to pay any sums under the suretyship agreement.

Accordingly, the trial court's factual finding that the purpose of obtaining Johns' guarantee was to have Johns be responsible for all the debts of American Transport and its judgment for Leaseway were clearly erroneous. OCGA § 9-11-52 (a) (Code Ann. § 81A-152 (a)).

Citing *Harper v. Samples,* 164 Ga. App. 511 (1) (298 SE2d 29), and OCGA § 9-11-36 (Code Ann. § 81A-136), that a party is obligated to answer discovery in good faith, Leaseway contends that Johns' answer to the complaint and to discovery was evasive and should be treated as an admission. We do not agree as Johns' answers consistently denied any liability on his part, hardly an evasion under the circumstances.

*Judgment reversed. Sognier, J., concurs. Pope, J., concurs specially.*

DECIDED MAY 3, 1983.

*James E. Massey, David W. Cranshaw,* for appellant.
*Cecil C. Malone III,* for appellee.

POPE, Judge, concurring specially.

I am persuaded by the evidence of record that appellee Leaseway *intended* to bind appellant Johns as surety (guarantor) for all weekly leases entered into between appellee and Johns' company, American Transport Lines, Inc. However, the "guaranty" agreement drafted by appellee and executed by Johns did not reflect this intent. Rather, said agreement clearly and unambiguously makes reference *only* to a weekly lease agreement "of even date," i.e., January 8, 1981. The record discloses no such lease agreement.