A90A2104, A90A2114. STONE v. PALM POOL PRODUCTS, LTD.
(two cases).
(403 SE2d 69)

COOPER, Judge.

These two cases originate from the same set of facts. In March 1984, the appellants, James Stone and his son Steven Stone, were the sole partners of a partnership designated "Pools By Stone" which was engaged in the swimming pool installation business. Also, the appellants were engaged in a plumbing business under the name of Stone Plumbing Company. On March 2, 1984, "Pools By Stone" applied for credit with appellee via a written credit application. The credit application listed the "Firm Name" of the entity applying for credit as "Pools By Stone" and indicated that the type of ownership of such entity was a partnership. The two appellants herein were listed as the "Principals" of the firm. Attached to the credit application was a Personal Guaranty Agreement which was signed by each of the appellants. The Guaranty stated in pertinent part as follows: "In order to induce PALM POOL PRODUCTS to extend credit to the Dealer named in the foregoing application, the undersigned (jointly and severally, if more than one) hereby unconditionally guarantees to Palm Pool Products, its successors and assigns, the prompt and full payment when due or declared due of all amounts payable by the Dealer which may now or at any time hereafter be or become owing or due, by the Dealer, hereby assuming primary liability therefor, jointly and severally with said Dealer, and or obligations of the Dealer. This guaranty and the obligations of the undersigned hereunder shall be absolute, unconditionally and continuing as to each guarantor and his estate and shall be binding on the heirs, executors, administrators and assigns of each guarantor, respectively." The credit application was approved on June 7, 1984 for a credit limit of $10,000. Around July 1, 1984, a corporation, Poolco, Inc., was formed with the appellants as the sole shareholders and holding the offices of President and Vice-President. The assets of the partnership, Pools By Stone, and the assets of Stone Plumbing Company were purchased by the corporation, and the swimming pool company continued doing business under the name Poolco, Inc. d/b/a Pools By Stone. A letter appearing in the record dated June 26, 1984, was addressed to the vendors or suppliers of Pools By Stone and Stone Plumbing Company informing them of the change in the ownership of the company. James Stone testified in his deposition that this letter was sent to the vendors or creditors, however appellee denies ever receiving the letter. On August 13, 1984, appellee received a check on the account of Stone Plumbing Company to pay the account in full through July 1, 1984. One of the appellants testified that this check represented all of the indebtedness to appellee that Stone Plumbing Company or Pools By Stone had incurred.

Thereafter, appellee and Poolco, Inc. d/b/a Pools By Stone continued doing business based upon the credit agreement and payment checks were accepted by appellee drawn on the account of "Poolco, Inc., D/B/A Pools By Stone." In July 1987, Steven Stone was no longer affiliated with Poolco, Inc., Stone Plumbing Company or Pools By Stone and a letter to this effect was sent to Poolco's suppliers. Orders made on credit by appellee to Poolco, Inc. d/b/a Pools By Stone for the period of July 1988 through August 1988 were not paid and appellee filed suit against appellants to recover under their personal guaranties. The trial court granted appellee's motion for summary judgment against both appellants and denied appellant James Stone's motion for summary judgment; appellant Steven Stone did not file a motion for summary judgment.

In Case No. A90A2104, appellant James Stone appeals the trial court's grant of summary judgment to appellee and the denial of his own motion for summary judgment. In Case No. A90A2114, appellant Steven Stone appeals the trial court's grant of summary judgment to appellee. Since the grounds on which we base our decision were advanced by both appellants, we will address both appeals in our discussion below.

The thrust of appellants' arguments is that the trial court erred as a matter of law in granting appellee's motion for summary judgment because the guaranty signed by appellants guaranties only the debts of the partnership, Pools By Stone, as appears on the face of the credit application, and does not extend to the debts of the corporation, Poolco, Inc. d/b/a Pools By Stone. After reviewing the record and the arguments of the parties in light of the controlling case law, we agree with appellants' contention and reverse the trial court.

OCGA § 10-7-3 states "[t]he contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation." OCGA § 10-7-1 provides that there shall be no distinction between contracts of suretyship and guaranty. OCGA § 10-7-3 was interpreted in *Johns v. Leaseway of Ga.*, 166 Ga. App. 472 (304 SE2d 555) (1983) in which this court held " ' "A contract of suretyship must be strictly construed in the interest of the surety." (Cit.) A surety's liability will not be extended by implication or interpretation. (Cits.) "The undertaking of a surety being stricti-juris, he cannot, in law or equity, be bound further than the very terms of his contract." (Cits.)' [Cit.]" " 'There is no construction required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. (Cit.)' [Cit.]" (Indention omitted.) Id. at 472-473. In *Johns*, the court limited a surety's contractual obligation to the one specific weekly lease agreement listed in the contract even though the principal parties had done business under a series of similar weekly lease

agreements for a number of months and despite the lessor's contention that it would not have leased its trucks without a guaranty or surety agreement. In *Sitzer v. Lang*, 145 Ga. App. 159 (243 SE2d 95) (1978), a corporation, F. J. Lang, Inc., was doing business as Atlanta Tyre Co. and Eldorado Tire Company, Inc. F. J. Lang had personally guaranteed the debts of Eldorado Tire Company, Inc. Stating that the rights of a guarantor are stricti juris, the court refused to hold the guarantor liable for the debts of F. J. Lang, Inc. or of Atlanta Tyre Company. The liability of the surety on a voluntary bond was defeated in *Barge & Co. v. Oakwood Steel Co.*, 128 Ga. App. 597 (197 SE2d 405) (1973) wherein the court determined that the language in the bond "pay all lawful claims of . . . materialmen . . . for . . . materials furnished *directly* to the Principal" did not include materials sold to a materialman by a third person and delivered to the materialman or to the contractor-principal at the direction of the materialman. In *Peara v. Atlanta Newspapers*, 120 Ga. App. 163 (169 SE2d 670) (1969), the court strictly construed a suretyship contract which guaranteed the debt of World Wide Computer Training. The credit was in fact extended to Computer Services Corp., of which World Wide Computer was a division. The credit was used for advertising costs of "World Wide Computer, a division of Computer Services Corp." Since the surety did not specifically agree to guaranty the debt of Computer Services Corp., no liability existed under the suretyship agreement. Finally, in *Mayor &c. of Savannah v. Glens Falls Ins. Co.*, 104 Ga. App. 879 (123 SE2d 293) (1961), the court found no liability of the surety when the contract to be guaranteed was referenced in the surety agreement as being of a different date than the contract allegedly breached.

In the instant case, although "Dealer" was not specifically defined in the guaranty we find no ambiguity in that it referred to the "Firm" listed on the attached credit application, being the partnership, Pools By Stone. The evidence in the record shows that the debts incurred by the partnership were in fact paid in full by the check dated August 13, 1984. Thereafter, the corporation incurred debt and paid for that debt with checks from its own account. There is no allegation made by appellee that the formation of the corporation was intended as a fraud on appellee with the intent of defeating the personal guaranty. Admittedly, business did continue as usual after the formation of the corporation and appellee contends that they would not have continued to extend credit to the corporation unless they had a viable personal guaranty. Nevertheless, in the absence of allegations of fraud, appellants' obligations are limited by the terms of the contract which cannot be extended to include the debts of a corporation not named therein. The trial court erred in granting summary judgment for appellee against both appellants and in denying appel-

lant James Stone's motion for summary judgment.

*Judgments reversed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 27, 1991.

*Adams & Hemingway, Ward Stone, Jr., Jones, Cork & Miller, David A. Garland,* for appellant (case no. A90A2104).

*L. Wayne Gilleland,* for appellant (case no. A90A2114).

*Boyce, Thompson & O'Brien, Albert F. Nasuti, Thomas E. Austin, David E. Clark,* for appellee.