[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11881
_____

D. C. Docket No. 1:08-cv-03203-TCB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

BEAULIEU GROUP, LLC,

Plaintiff - Appellant,

versus

JOEL LEFKOWITZ,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 8, 2012)

Before MARTIN and ANDERSON, Circuit Judges, and SCHLESINGER,* District
Judge.

PER CURIAM:

_____
*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

We have had the benefit of oral argument in this case, have considered the arguments of the parties, and have examined the relevant portions of the record. We conclude that the judgment of the district court should be affirmed. With respect to plaintiff's contract claim, we can assume arguendo that defendant Lefkowitz was aware of the November 14, 2005, letter. However, from plaintiff's perspective, the most favorable inference therefrom (which is also reasonable) is that the parties contemplated at that time that the parent corporation, Hoboken, would become the customer of Beaulieu in the place of Superior. Nevertheless, the guaranty unambiguously guaranteed only Beaulieu's extensions of credit to Hoboken, and when Beaulieu subsequently extended credit to Hoboken's subsidiary, SPI LLC, the guaranty unambiguously did not apply. The mere fact that SPI LLC's purchase orders carried the legend – "SPI LLC, a division of Hoboken Floors" – did not alter the fact that the credit was extended to SPI LLC, not to Hoboken. Pursuant to Peara v. Atlanta Newspapers, Inc., 169 S.E.2d 670 (1969), the Georgia law is clear that "a contract of suretyship must be construed strictly . . . [and a] surety's liability will not be extended by implication . . . . The undertaking of a surety . . . cannot in law or equity, be bound further than the very terms of his contract." Id. at 671. Thus, the guaranty of the debts of one of two

related corporation cannot be extended to encompass the debts of the other corporation. Therefore, Lefkowitz's guaranty of the debts of the parent, Hoboken, did not extend to encompass a guaranty of the debts of Hoboken's subsidiary, SPI LLC.

With respect to plaintiff's alter ego theory, we affirm on the basis of the district court's resolution of that claim. With respect to plaintiff's fraud claim, we affirm on the basis of the district court's holding that plaintiff failed to prove justifiable reliance.

For the foregoing reasons, the judgment of the district court is AFFIRMED.